## LOCKPORT FELT CO. v. UNITED BOX BOARD & PAPER CO.

(Circuit Court, D. Connecticut. November 1, 1910.)

No. 1,274.

RECEIVERS (§ 158*)—MANAGEMENT OF PROPERTY—PRIORITY OF CLAIMS.

> Where mill property in the hands of a receiver is sold under order of court, a claim for water rent, the property not being dependent on the water supplied for fire protection, the receivers not having availed themselves of the right to use the water; and the property being sold without that right, cannot be treated as an expense of the receivership, so as to give it priority over a mortgage which was recorded at an earlier date.

> [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 301–306; Dec. Dig. § 158.*]

Action by the Lockport Felt Company against the United Box Board & Paper Company. The Ousatonic Water Power Company files claim for water rent. Denied.

Edward A. Harriman, for claimant.

Gross, Hyde & Shipman and James Todd, for receiver.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PLATT, District Judge. The essential facts are few and easily stated: The Ousatonic Water Power Company, claimant, had entered into two leases with the defendant company, then owning the mill property at Shelton, which provided that the water to be supplied thereunder should only be used for manufacturing and mechanical purposes. By paragraph 19 of each lease all water reserved under the lease became a lien upon the land, buildings, fixtures, and fixed machinery in the buildings where the water was to be drawn and used. These leases were recorded January 16, 1906. The Trust Company of America is trustee under a general mortgage, which covers said land and buildings and was recorded December 23, 1905, nearly a month prior to the recording of the leases. The receivers at a later date took possession of the property. They have never taken advantage of the leases. They found the mill closed down when they took it, and have never taken any steps to start it up or to use the water. The property is not dependent upon the water, which the claimant undertook to supply, for fire protection. That is provided for by the Shelton Water Company, a distinct and separate corporation. The property has been sold by order of court, free from both claims, for $15,-000, with the understanding that the rights of each party might be prosecuted against the fund which stands in its place.

The only question now to be determined is whether the claimant's lien is entitled to priority over the mortgage lien of the Trust Company of America. The lease under which the right of lien is claimed being subsequent in date to the mortgage, the claimant naturally concedes that its only chance to prevail depends upon the correctness of its contention that its lien is for the right to use water, which right the receivers did not disavow, and which they were compelled to retain for the preservation of the estate, and which should therefore be treated as an expense of the receivership. The receivers did not avail themselves of the right to use the water, and the property was sold under the order of the court minus that right.

Conceding, for the sake of the argument, that they could and did retain the right to use the water, it is a too subtle process of reasoning for me to comprehend how such retention has any bearing upon the preservation of the property, or can in any sense be considered an expense of the receivership. If the receivers had in law the power to retain the right, and such retention imports the obligation which the claimant seeks to fasten upon it, the effect produced is precisely the opposite of preservation. The retention, instead of acting as a preservative, took the form of an insidious canker, which was, month by month, eating out the very vitals of the property. If the court should find that an idle plant like this was subject to an annual expense of some $9,000 for the right to take water which it did not use, it was certainly a property which was bound to become sooner or later a worthless asset. Saddling it with such a principle of law, it had reached that point at the time of sale. I find no merit in the petitioner's contention, and am bound to instruct the receivers that the claim is not entitled to be treated as prior to that of the Trust Company of America.

They are so instructed.