## LOCKPORT FELT CO. v. UNITED BOX BOARD & PAPER CO.

(Circuit Court, D. Connecticut. May 5, 1911.)

No. 1,274.

1. RECEIVERS (§ 148*)—MANAGEMENT OF PROPERTY—CLAIMS.

A lessor of water for mill property in the hands of a receiver, which has no right of lien accruing at each recurring rent day, except as a means of enforcing its claim for rent due for water actually drawn and used by the lessee or its representatives, has no lien for water reserved and not sold or used by the receiver but its claim, if any, is in the nature of a debt against the lessee.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 148.*]

2. RECEIVERS (§ 148*)—MANAGEMENT OF PROPERTY—LIENS—WAIVER.

Where a lessor of water for mill property in the hands of a receiver did not exercise its right to pursue the property each recurring rent day to collect rent for water not used, but sat by silently, it waived any right of lien on the property therefor.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 148.*]

In Equity. Action by the Lockport Felt Company against the United Box Board & Paper Company. The Ousatonic Water Power Company filed a claim for rent. Denied.

Gross, Hyde & Shipman, for complainant.
E. A. Harriman, for claimant.
John T. Robinson, for the United States.
J. G. Boston, for Trust Co. of America.
Chas. A. Safford, for defendant company.

PLATT, District Judge. When this matter was heard the claimant was entitled to the rent due under its water leases on July 1, 1908. Since the hearing that claim with interest has been paid by the general receivers and no longer clogs our action. We are now concerned with its claims since the Connecticut receivers took possession. I decided (182 Fed. 328) that if the claimant had a right of lien on account of the water rent, it was subordinate to that of the Trust Company of America. The net proceeds received from the sale of the Connecticut property amounted to $9,750, which was placed in the hands of the Riverside Trust Company, subject to the further order of court. Its main function is to provide security for the mortgage which the Trust Company of America represents, which will not be due for a long time. If that function were dissipated, the claimant could look to it for security, if it had a right of lien after the property came into the hands of the Connecticut receivers. If the claimant has no such right of lien, it has no interest in the fund, unless the defendant owes it for rent of the water since the receivers came in. This is the proper time to face the problem about the lien right of claimant, because, if the title to the property which the fund represents was still in the defendant company, the claimant would, if it had such a lien right, be entitled, on the proper proceedings, to take the property and hold it, subject to the lien of the Trust Company of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

America. It ought to have the same privilege in respect of the fund which has taken the place of the property. The fund, therefore, if the claimant's right of lien exists, ought to be kept intact to await the turn of events in regard to the security of the Trust Company of America, and in the meantime the income should be paid to the claimant. We are not now discussing the question whether the claimant reserved any water for the defendant company which the receivers did not use, and is therefore a creditor of the defendant .company without security. We are deciding whether a right of lien accrued at each recurring rent day which the claimant could have enforced, and as a corollary to that, whether if such a right of lien did accrue, the claimant has not waived such right by its conduct.

[1] I am clearly of. the opinion that under the leases the claimant had no right of lien by paragraph 19, except as a means of enforcing its claim for rent due to it for water actually drawn and used by the defendant or its representatives. If claimant reserved the water called for by the leases during the time of the receivership, selling it to nobody else, hoping against hope that the receivers might ask for it, it may be that it has a claim, in the nature of debt, against the defendant company, but no such claim has been presented, and there is no evidence before the court establishing the fact of such a reservation.

The bulk of claimant's demand comes out of second surplus water at $8,200 per year. Permanent water, under the lease, went for $750 per year. It may be that it could have presented to the receivers and established by proof a claim against the defendant company for $750 per year during the receivership, but it would be another story to show that while the plant was closed and idle, with no use for the water and no prospect that any call would be made while the receivership continued, the claimant constantly had on storage 41 feet of second surplus water, which it religiously refrained from disposing of to any one else. In dry times it might not have had it, and, if it did have it, the temptation to let it go to the next fellow would have been great indeed.

[2] A word more about the right of lien. If claimant could have pursued the property each quarter to collect rent for water not used. it waived that right by acting as it did. The truth about it is that the claimant sat by complacently and saw the unused property going to rack and ruin, and maintained a sphinx-like silence. Its right, if it had any, was an equitable one, and the failure to bring it into action during all those passing quarters killed it. It is impossible for the claimant to galvanize it into life and validity at this late day.

As I understand it, the only issue before the court for discussion at this time is the claim of the petitioner to the fund, based upon its rights as a prior lienor under the Trust Company of America. Being satisfied that no such right of lien exists, the petition of the claimant must be denied.